IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:23-00430-JB-N |
| | ) |
| SANOFI-AVENTIS U.S. LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings ("Motion"). (Doc. 14). The Motion is made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon careful consideration, and for the reasons stated herein, the Court concludes that the Motion is due to be GRANTED.

**I.    BACKGROUND:**

Defendants manufacture Taxotere, a chemotherapy drug used to treat breast cancer. Plaintiff alleges she developed permanent alopecia as a result of being administered Taxotere from December 2009 to February 2010. (Docs. 1 and 5).

Plaintiff filed her initial complaint on January 27, 2017, in the Eastern District of Louisiana, in multidistrict litigation styled *In Re: Taxotere (Docetaxel) Products Liability Litigation*, MDL 16-2740 ("MDL"). (Doc. 1). She filed a Short Form Complaint in the MDL on May 31, 2017, which adopted the allegations and encompassed the claims of a Master Long Form Complaint filed on March 31, 2017. (Docs. 5 and 7-4). The MDL court transferred the action to this District on November 11, 2023. (Doc. 8).

Plaintiff's complaint asserts eight (8) Counts: (Count I) strict products liability (failure to warn), (Count II) strict products liability (misrepresentation), (Count III) negligence, (Count IV) negligent misrepresentation, (Count V) fraudulent misrepresentation, (Count VI) fraudulent concealment, (Count VII) fraud and deceit, and (Count VIII) breach of express warranty. (Doc. 5). Plaintiff's claims for strict products liability (misrepresentation) (Count II) and breach of express warranty (Count VIII) were dismissed in the MDL. (Doc. 7-2). Plaintiff's remaining claims are Counts I, and III through VII.

Defendants filed the instant Motion for Judgment on the Pleadings and a supporting Memorandum of Law on December 19, 2023. (Docs. 14 and 15). The Court ordered Plaintiff to respond to the Motion not later than January 10, 2024. (Doc. 23). Plaintiff failed to respond. She has filed no opposition to the Motion.

II. **DISCUSSION:**

A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See Samara v. Taylor*, 38 F.4th 141, 152 (11th Cir. 2022). In its analysis of Plaintiff's Motion, the Court "accepts all the facts in the complaint as true and views them in the light most favorable" to Plaintiff. *Samara*, 38 F.4th at 1255. A dismissal under Rule 12(6) based on a statute of limitations is "appropriate it if is apparent from the face of the complaint that the claim is time-barred." *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013). Fraud claims, in order to survive a motion to dismiss, must satisfy the pleading particularity requirements of Rule 9(b). *See Ziemba v. Cascade International, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

Defendants argue Plaintiff's claims are barred on their face by the applicable statute of limitations, and that they are not otherwise rendered timely by discovery rule, statutory exception, or equitable tolling. (Doc. 15). Defendants also argue Plaintiff's fraud claims are insufficiently pled under Rule 9(h). (*Id.*). The Court agrees with both of Defendants' arguments.

Under section 6-2-38(l) of the Alabama Code, personal injury claims are subject to a two-year statute of limitations. ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."). Plaintiff alleges her injury is permanent alopecia, which she defines as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy." (Doc. 7-4). Plaintiff completed her Taxotere treatment in August 2010. (*Id.*). The two-year statute of limitations therefore expired no later than August 2012. Plaintiff filed her lawsuit some five years thereafter, in 2017. (Docs. 1, 5 and 7-4). Her claims are therefore barred by the applicable statute of limitations. *See, e.g., Ex parte Capstone Bldg. Corp.*, 96 So. 3d 77, 86 (Ala. 2012) (negligence, gross negligence and wantonness); *Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 112 (Ala. 2003) (AEMLD claims); *Parsons Steel, Inc. v. Beasley*, 522 So. 2d 253, 256 (Ala. 1988) (fraud or deceit).

Based on the reasons and authority set out in Defendants' supporting memorandum, the Court also finds Plaintiff's claims are not spared the application of the statute of limitations on the basis of any exception. (Doc. 15). The discovery rule under section 6-2-3 of the Alabama Code does not apply. Plaintiff fails to allege "facts or circumstances by which the [D]efendants concealed the cause of action or injury, and what prevented [her] from discovering the facts surrounding [her] injury." *DGB, LLC v. Hinds,* 55 So. 3d 218, 226 (Ala. 2010). Indeed, Plaintiff's

3

complaint affirmative identifies news articles and studies, publicly available years prior to her treatment, relating Taxotere with her alleged injury.

Neither are Plaintiff's claims saved by equitable tolling. Plaintiff fails to allege sufficient facts of diligence in pursuing her rights or misconduct by Defendants which "induced or tricked" her into allowing the statute of limitations to expire. *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). *See also Weaver v. Firestone*, 155 So. 3d 952, 957 (Ala. 2013) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way as to the filing of his action."). Plaintiff alleges no "extraordinary circumstance" that impeded her ability to file this action.

Plaintiff's fraud claims additionally fail as a matter of law because they are not pled with sufficient particularity under Rule 9(b). *See Gaynor-Madison v. Sanofi United States Servs., Inc.*, 2024 U.S. Dist. LEXIS 52271, at *5 - 6 (S.D. Ala. March 25, 2024) (relying on *Maxwell v. Sanofi-Aventis U.S. LLC*, 2023 U.S. Dist. LEXIS 193253 (N.D. Ala Oct. 27, 2023)).

Finally, Plaintiff's violation of the Court's Order to respond to Defendants' Motion and her failure to otherwise oppose it will not be deemed an abandonment of her complaint. However, her violation and failure are not inconsequential. Plaintiff's violation and failure were at her peril. The Court has not supplied arguments Plaintiff failed to make. *See, e.g., Cochran v. Southern Co.*, 2015 U.S. Dist. LEXIS 72096 at *3 (S.D. Ala. June 3, 2015).

## CONCLUSION

For the reasons set out above, the Defendants' Motion for Judgment on the Pleadings (Doc. 14) is GRANTED.

**DONE and ORDERED** this 11th day of April, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE